LOWELL v. LOWELL.

1. DIVORCE—EXTREME CRUELTY—FINDING AS TO WIFE'S CONDUCT—
   EVIDENCE.
      Supreme Court does not disturb decree of divorce awarded to
      defendant wife on her cross bill, where, although it was
      not entirely satisfied as to the complete propriety of her
      conduct, it is unable to say that had it seen and heard the
      witnesses testify that it would have found differently than
      did the trial judge that plaintiff was guilty of extreme
      cruelty entitling her to a divorce and not such as to defeat
      her right thereto.

2. SAME—COSTS—BRIEF.
      No costs are awarded defendant wife on husband's appeal in
      suit for divorce, where she filed no brief.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 9, 1952. (Docket No. 37, Calendar No. 45,546.) Decided January 5, 1953.

Bill by Kenneth W. Lowell against Rose E. Lowell for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Donald R. Freeman,* for plaintiff.

DETHMERS, C. J. Defendant wife was granted a divorce on cross bill and awarded custody of the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 833, 897.
[2] 14 Am Jur, Costs § 92.

parties' 2 children, use of their home and furnishings until the younger of the 2 children reaches a certain stage when it is to be sold and the proceeds divided between the parties, and certain trade fixtures, while an automobile was awarded to plaintiff, who was required to pay $15 per week for support of the children. Plaintiff appeals.

Plaintiff offered testimony that defendant had been unfaithful to him, associated with other men at all hours of the night, drank to excess and lacked proper interest in the children. Defendant testified that plaintiff beat her severely, ceased having sexual relations with her, was moody and uncommunicative, and refused to accompany her in social affairs; that he spoke of having thought of killing her and the children, but that was prior to his commitment as an insane person, from which condition he later was adjudicated to have been restored to soundness of mind.

The trial court found that it was not established that defendant had been guilty of serious misconduct and that such as might be chargeable to her was due to plaintiff's mistreatment. Conclusions of the court in this regard depended in the main upon his view of the credibility of witnesses. A neighbor testified that she had seen evidences of misconduct on defendant's part, but her testimony was vacillating and contradictory and the trial court apparently gave it little credence. It was undisputed that on one evening defendant entertained and drank with a man in her home while plaintiff was in the mental institution. She testified, however, that she had never been unfaithful to plaintiff and that her coming home late at night was due to her job in a restaurant or at times because of fear of being beaten by plaintiff. Although he attempted to testify concerning an admission by defendant in that regard, no competent proof of adultery was offered. She admitted drinking beer but denied excessive use. While we are not entirely

satisfied as to the complete propriety of defendant's conduct, we cannot say that had we seen and heard the witnesses testify we would have found differently than did the trial judge that plaintiff was guilty of extreme cruelty entitling defendant to a divorce and that her conduct was not such as to entitle plaintiff to a divorce or to defeat her right thereto.

Plaintiff admitted that defendant took good care of the children, that she sent them to Sunday school, and that one had expressed to him a preference for living with her. She denied ever entertaining men or being intoxicated in the presence of the children and there were no proofs to the contrary.

Under all the circumstances, we conclude that the trial court made the best of a difficult situation in which a completely satisfactory solution seemed elusory.

Decree affirmed. No costs in this Court, defendant having filed no brief.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.